PAULINE STELMAN, an Infant, by SIMON STELMAN, Her Guardian ad Litem, Respondent, *v.* UNION RAILWAY COMPANY OF NEW YORK CITY, Appellant.

First Department, April 7, 1922.

Street railways — action for injury to child struck by street car while crossing street — trial — error to charge that if accident happened as plaintiff's witnesses testified plaintiff is entitled to recover — verdict for plaintiff against weight of evidence.

In an action to recover damages for injuries suffered by a child it appeared, according to the plaintiff's testimony, that she was struck by a street car while she was crossing the street to meet her teacher on the opposite side. The evidence on the part of the defendant was to the effect that while the child was crossing the street a paper blew out of her hand and that she ran in front of a car to get that paper and while doing so was struck.

*Held,* that it was error for the court to charge the jury that if the accident happened in the way the plaintiff's witnesses testified she was entitled to a verdict, because the charge holds as a matter of law that upon the plaintiff's story and that of her witnesses the defendant was guilty of negligence and the plaintiff was free from contributory negligence and that cannot be held as a matter of law under any circumstances in the present case.

The verdict in favor of the plaintiff was against the weight of the evidence.

APPEAL by the defendant, Union Railway Company of New York City, from a judgment of the County Court of the county of Bronx in favor of the plaintiff, entered in the office of the clerk of said county on the 26th day of February, 1921, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 3d day of March, 1921, denying defendant's motion for a new trial made upon the minutes.

*John J. O'Connell* of counsel [*Alfred T. Davison* and *Alex. R. Jones* with him on the brief], for the appellant.

*Morris Kohn* [*Henry Levis* of counsel], for the respondent.

SMITH, J.:

This accident upon which liability is predicated happened at the intersection of Third avenue and Brook avenue in the borough of The Bronx, city of New York, on June 7, 1920, at about eight-thirty A. M. There was a school near there and a policeman was placed at that corner in order to protect the children. The plaintiff was ten years of age, and with a cousin, as she swears, went over on the west side of the street to a candy store and seeing her teacher on the right side of the street, walked across the street north of the north crossing. The weight of evidence, however, is to the effect that a car stopped on the south side of the crossing until the policeman signaled it to go forward. The policeman thereupon

stepped to the east and he swears that a paper which the child had in her hand blew away and the child ran out on the track in front of the car to get that paper and in doing so was struck. The evidence of the defendant established that this was the way that the accident happened. There are four disinterested witnesses who swear to this, and it is in evidence that as soon as the motorman saw the plaintiff running after the paper he did all in his power to stop the car.

After the court had charged the jury, the plaintiff's counsel asked the court to charge that if the accident happened in the way that plaintiff's witnesses testify, she is entitled to a verdict. This was charged and an exception duly taken. This charge I think was clearly error, because the charge holds as matter of law that upon the plaintiff's story and that of her witnesses the defendant was guilty of negligence and the plaintiff was free from contributory negligence. This could not be held as matter of law under any circumstances in this case, so that the judgment and order must be reversed and a new trial granted, with costs to appellant to abide the event.

The argument upon the appellant's brief is largely to the effect that the verdict is against the weight of the evidence. There is no necessity for discussing that question. But I think this court would have to hold that such was a fact. Even though the plaintiff had gone over and gotten her candy, she evidently came back to the east side of the road, and having lost this paper she ran after it in front of the car. She so stated to two of the teachers who went over to the police station immediately after the accident. Her testimony is discredited by these teachers, who had no interest except to tell the truth; and the evidence of her cousin, who was about the same age, is discredited by another teacher, as her cousin swears that they were coming back and ran over to see this other teacher, while the other teacher swears that she was in her class room at that time, and the first she knew of the accident was when this cousin came into the school room crying and she asked her why she was crying and she said because her cousin had been run over.

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

DOWLING, LAUGHLIN, PAGE and MERRELL, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.